UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDYTHE L. BRONSTON, RECEIVER,<br><br>Plaintiff(s),<br><br>vs.<br><br>ELHAM ELLIE HOOSHIARNEJAD,<br><br>Defendant(s). | 8:07-cv-00964-FMC-RNBx<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

The matter came on for trial before the Court, sitting without a jury, on October 28, 2008. At the conclusion of evidence and argument, the Court made certain factual findings and took the matter under submission. The Court now renders the following decision:

<u>Findings of Fact</u>

1. Plaintiff, Edyth L. Bronston, is the duly appointed and acting Receiver for J.W. James & Associates, J.S. James Borrowing Entity, J.W. James Investment Group Fund, The James Borrowing Entity, Virtual Cash Flow Corporation, the Cloaking Device, and James W. James Acquisitions (The Receivership Entities).

2. The Receivership Entities offered and sold promissory notes.

3. The Receivership Entities were controlled by Jon W. James; James and the entities were operating a Ponzi scheme.

4. Defendant was an investor who invested with the Receivership Entities in good faith.

5. Defendant invested $70,000 with the Receivership Entities.

6. Defendant also gave to Jon W. James a check for $85,000 payable, at his direction, to Elite M and A, Inc., with the understanding that it would be invested in one of the Receivership Entities.

7. None of the Receivership Entities received the $85,000.

8. Defendant received a total of $153,600 in returns from the Receivership Entities.

## Conclusions of Law

1. A Ponzi scheme is "any sort of fraudulent arrangement that uses latter acquired funds or products to pay off previous investors." *In re Bullion Reserve of North America,* 836 F.2d 1214, 1219 (9th Cir. 1988).

2. Jon W. James and the Receivership Entities operated a Ponzi scheme.

3. A receiver may recover funds from "winning investors" under a theory of either actual fraud or constructive fraud. *Donell v. Kowell,* 533 F.3d 762, 771 (9th Cir. 2008).

4. Under either theory, the receiver may only recover profits above the initial outlay, unless the receiver can prove a lack of good faith. *Scholes v. Lehmann,* 56 F.3d 750, 757 (7th Cir. 1995).

5. Amounts transferred by the Ponzi scheme perpetrator to the investor are netted against the initial amounts invested by that individual. If the net is positive, the receiver has established liability and is entitled to recapture the net amount. *Donell v. Kowell,* 533 F.3d at 771.

6. "If the net is negative, the good faith investor is not liable because payments received in amounts less than the initial investment, being payments against the good faith losing investor's as-yet unsatisfied restitution claim against the

2

Ponzi scheme perpetrator, are not avoidable within the meaning of UFTA. *See* CAL. CIV. CODE §3439.04(a)(2) (holding that only payments made '[w]ithout receiving a reasonably equivalent value' are avoidable as fraudulent transfers); *United Energy,* 944 F.2d at 597 (holding there has been no fraudulent transfer to a good faith investor where a Ponzi scheme makes payments that total less than that investor's initial investment.)" *Donell v. Kowell,* 533 F.3d at 771, 772.

    7. Defendant having received from the Ponzi scheme perpetrators less than she invested, she is not liable to plaintiff.

The Court will enter Judgment in favor of defendant and against plaintiff. Counsel for plaintiff is directed to provide a Judgment for the Court's signature.

Dated this 4th day of November 2008.

_____
FLORENCE-MARIE COOPER
United States District Court Judge